IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Alexis Wilson, | ) C/A No. 0:11-199-CMC-PJG |
| Plaintiff, | ) |
| vs. | ) **REPORT AND** |
| | ) **RECOMMENDATION** |
| Capt. Middleton, in her individual capacity, and Lt. Butler, in her individual capacity., | ) |
| Defendants. | ) |

The plaintiff, Alexis Wilson, ("Plaintiff"), proceeding *pro se*, brings this action pursuant to 42 U.S.C. § 1983. This matter is before the court pursuant to 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2) DSC. Plaintiff's claims stem from the period of time during which he was being held at the Greenwood County Detention Center. In the instant Complaint, Plaintiff requests money damages and an apology from the defendants, two employees/officials at the Greenwood County Detention Center, for their failure to ensure that Plaintiff was transported to a municipal court hearing. According to Plaintiff, at the time he was incarcerated at the detention center on a probation violation charge, he also had a "public drunk" charge pending against him in Greenwood Municipal Court. He alleges that he informed both defendants through two written inmate grievances that he needed to go to the municipal court hearing because he wanted to plead not guilty and get an attorney appointed to represent him. When the day for the hearing came, Plaintiff alleges that he was not taken to the hearing and he was convicted of the public drunk charge in his absence. It is not clear whether or not the public drunk conviction caused or contributed to the probation violation charge on which he was sent to the South Carolina

PJG

Department of Corrections. Plaintiff claims that the defendants violated many of his federal constitutional rights by failing to take him to court, including, but not limited to, due process, access-to-court, right to counsel, right to confront witnesses, etc. He asks this court to award him $ 20,000.00 in damages and to require the defendants to apologize to him.

## INITIAL REVIEW GENERALLY

Under established local procedure in this judicial district, a careful review has been made of the *pro se* complaint pursuant to the procedural provisions of 28 U.S.C. § 1915, 28 U.S.C. § 1915A, and the Prison Litigation Reform Act ("PLRA"), Pub. L. No. 104-134, 110 Stat. 1321 (1996). This review has been conducted in light of the following precedents: Denton v. Hernandez, 504 U.S. 25 (1992); Neitzke v. Williams, 490 U.S. 319, 324-25 (1989); Haines v. Kerner, 404 U.S. 519 (1972); Nasim v. Warden, Md. House of Corr., 64 F.3d 951 (4th Cir. 1995) (*en banc*); Todd v. Baskerville, 712 F.2d 70 (4th Cir. 1983); and Boyce v. Alizaduh, 595 F.2d 948 (4th Cir. 1979).

This court is required to liberally construe *pro se* complaints. Erickson v. Pardus, 551 U.S. 89, 94 (2007). Such *pro se* complaints are held to a less stringent standard than those drafted by attorneys, id.; Gordon v. Leeke, 574 F.2d 1147, 1151 (4th Cir. 1978), and a federal district court is charged with liberally construing a complaint filed by a *pro se* litigant to allow the development of a potentially meritorious case. Hughes v. Rowe, 449 U.S. 5, 9 (1980); Cruz v. Beto, 405 U.S. 319 (1972). When a federal court is evaluating a *pro se* complaint, the plaintiff's allegations are assumed to be true. Erickson, 551 U.S. at 93 (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555-56 (2007)).

Nonetheless, the requirement of liberal construction does not mean that the court can ignore a clear failure in the pleading to allege facts which set forth a claim cognizable in a federal district court. See Weller v. Dep't of Soc. Servs., 901 F.2d 387 (4th Cir. 1990); see also Ashcroft v. Iqbal, 129 S. Ct. 1937, 1953 (2009) (outlining pleading requirements under Rule 8 of the Federal Rules of Civil Procedure for "all civil actions"). The mandated liberal construction afforded to *pro se* pleadings means that if the court can reasonably read the pleadings to state a valid claim on which the plaintiff could prevail, it should do so; however, a district court may not rewrite a complaint to include claims that were never presented, Barnett v. Hargett, 174 F.3d 1128 (10th Cir. 1999), construct the plaintiff's legal arguments for him, Small v. Endicott, 998 F.2d 411 (7th Cir. 1993), or "conjure up questions never squarely presented" to the court, Beaudett v. City of Hampton, 775 F.2d 1274, 1278 (4th Cir. 1985).

## DISCUSSION

Plaintiff's Complaint is subject to summary dismissal based on the United States Supreme Court's decision in Heck v. Humphrey, 512 U.S. 477 (1997). With respect to actions filed pursuant to 42 U.S.C. § 1983 such as the present one alleging constitutional

violations and/or other improprieties in connection with state criminal charges,[1] the Court stated:

> We hold that, in order to recover damages [or other relief][2] for allegedly unconstitutional conviction or imprisonment, or for other harm whose unlawfulness would render a conviction or sentence invalid, . . . a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such a determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254. A claim for damages bearing that relationship to a conviction or sentence that has not been so invalidated is not cognizable under § 1983. Thus, when a state prisoner seeks damages in a § 1983 suit, the district court must consider whether a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence; if it would, the complaint must be dismissed unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated.

Heck, 512 U.S. at 486-87.

By the above statements, the United States Supreme Court ruled that until a criminal conviction is set aside by way of appeal—PCR, habeas, or otherwise—any civil

---

[1] Plaintiff's claim for damages allegedly arising from the conditions of his confinement within a South Carolina county jail or detention center is properly considered by this court under its federal question jurisdiction pursuant to 42 U.S.C. § 1983. Section 1983 is the procedural mechanism through which Congress provided a private civil cause of action based on allegations of federal constitutional violations by persons acting under color of state law. Jennings v. Davis, 476 F.2d 1271 (8th Cir. 1973). The purpose of § 1983 is to deter state actors from using badge of their authority to deprive individuals of their *federally guaranteed* rights and to provide relief to victims if such deterrence fails. McKnight v. Rees, 88 F.3d 417(6th Cir. 1996) (emphasis added).

[2] See Johnson v. Freeburn, 29 Fed. Supp.2d 764, 772 (S.D. Mich. 1998) (under Heck v. Humphrey, nature of relief sought is not critical question; rather, it is the grounds for relief); see also Clemente v. Allen, 120 F.3d 703 (7th Cir. 1997) (injunctive relief sought).



rights action based on the conviction and related matters will be barred if success on such civil rights action would invalidate the conviction.[3]

Heck does not apply in the context of claims of unconstitutionality in *on-going* criminal cases. Wallace v. Kato, 549 U.S. 384 (2007). However, since this case involves an already completed criminal trial and complaints about how it was conducted in Plaintiff's absence, Wallace is inapplicable and Heck controls. Under Heck, the limitations period for such a post-trial civil rights action will not begin to run until the cause of action accrues, i.e., until the conviction is set aside; therefore, a potential § 1983 plaintiff does not have to worry about the running of the statute of limitations on his civil rights claim while he or she is taking appropriate steps to have a conviction overturned. See Wallace, 549 U.S. at 391-92; Benson v. N. J. State Parole Bd., 947 F. Supp. 827, 830 (D. N.J. 1996) (following Heck v. Humphrey and applying it to probation and parole revocations "[b]ecause a prisoner's § 1983 cause of action will not have arisen, there need be no concern that it might be barred by the relevant statute of limitations."); Snyder v. City of Alexandria, 870 F. Supp. 672, 685-88 (E.D. Va. 1994).

There is nothing in the Complaint to indicate that Plaintiff has taken any steps to have his public drunk conviction overturned. There are no allegations that he filed any motion for new trial in the municipal court or a direct appeal to the Greenwood County Court of Common Pleas as permitted under the South Carolina state statutes. S.C. Code

---

[3] But see Wilson v. Johnson, 535 F.3d 262, 268 (4th Cir. 2008) (Former prisoner's § 1983 claim alleging that his prior imprisonment was wrongful, filed after his sentence expired but before he was able to complete post-conviction relief process, was cognizable; prisoner was not eligible for habeas relief since his sentence had expired and he would be left without any access to federal court to contest allegedly wrongful imprisonment if his § 1983 claim was barred.).



Ann. §§ 14-25-45, & -95.  Until Plaintiff can show this court that his public drunk conviction is no longer valid or effective, i.e., that it has been overturned by the municipal court or by some other state or federal court, he cannot sue either of the defendants for their failure to take him to court.  This is so because success on Plaintiff's claims would necessarily show that the public drunk conviction was not properly entered and, thus, invalid.  As a result, this case is subject to summary dismissal as to all defendants without issuance of service of process.

**RECOMMENDATION**

Accordingly, the court recommends that the Complaint in this case be dismissed without prejudice and without issuance and service of process.  See Denton v. Hernandez, 504 U.S. 25 (1992); Neitzke v. Williams, 490 U.S. 319, 324-25 (1989); Haines v. Kerner, 404 U.S. 519 (1972); Brown v. Briscoe, 998 F.2d 201, 202-04 (4th Cir. 1993); Boyce v. Alizaduh, 595 F.2d 948 (4th Cir. 1979); Todd v. Baskerville, 712 F.2d at 74; see also 28 U.S.C. § 1915(e)(2)(B); 28 U.S.C. § 1915A (as soon as possible after docketing, district courts should review prisoner cases to determine whether they are subject to summary dismissal).  The court further recommends that Plaintiff's motion to amend his Complaint, which does not indicate that the proposed amendment would cure the deficiencies discussed above, be denied.  (ECF No. 9.)

_____
Paige J. Gossett
UNITED STATES MAGISTRATE JUDGE

March 8, 2011
Columbia, South Carolina

*Plaintiff's attention is directed to the important notice on the next page.*

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" Diamond v. Colonial Life & Acc. Ins. Co., 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); see Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

> Larry W. Propes, Clerk
> United States District Court
> 901 Richland Street
> Columbia, South Carolina 29201

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); Thomas v. Arn, 474 U.S. 140 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984).